## 27231.   GLASROCK PRODUCTS, INC. v. THERMO MATERIALS CORPORATION et al.

GUNTER, Justice. The appellant here brought an action in the court below against the appellees seeking a permanent injunction and damages. Responsive pleadings were filed by the appellees and after a considerable amount of discovery had been completed the appellant filed a motion for an interlocutory injunction pending the trial of the case.

The trial judge conducted a hearing, evidence was introduced and considered by him, and he then entered an order denying the interlocutory injunction.

The appeal here is from that order.

The motion for interlocutory injunction sought to enjoin the individual defendants, all former employees of the appellant, from appropriating trade secrets, confidential cus-

tomer lists, confidential pricing and quoting policies, confidential process information, or confidential marketing strategy of the appellant for their own use, and particularly from turning the same over to the defendant Thermo Materials Corporation or any other person, firm, or corporation; it sought to enjoin two individual defendants, Mr. Peterman and Mr. Morrow, from competing directly with the appellant in violation of contractual agreements that they had entered into with the appellant; and it sought to enjoin Thermo Materials Corporation from using any trade secrets, confidential customer lists, or other confidential information of the appellant in any manner whatsoever.

The record in the trial court through the temporary hearing consisted of over 400 pages; and after conducting the hearing and reviewing the evidence contained in the record the trial judge entered and filed written findings of fact and conclusions of law.

The trial judge's 21st, 22nd and 23rd findings of fact were as follows: "21. The acts of the defendant Morrow, Peterman, Mason, Peters, Smith, and Thermo Materials Corporation do not irreparably damage the plaintiff Glasrock Products, Inc. 22. No trade secrets or confidential information were disclosed by any of the defendants so as to allow defendant Thermo Materials Corporation, or any other corporation, to take an unfair advantage of plaintiff Glasrock. 23. There was no evidence to show that any act of defendants Morrow, Peterman, Mason, Peters, Smith, and Thermo Materials Corporation involved any disclosure of trade secrets or other confidential information which was the exclusive property of the plaintiff."

The trial judge's first conclusion of law was as follows: "1. The evidence is insufficient to show that plaintiff will suffer irreparable harm unless the injunction which it seeks is granted."

We have reviewed the entire record in this case, and we can find no fault with the trial judge's order denying the temporary injunction sought. The evidence contained in

the record certainly does not require or demand the entry of a temporary injunction in favor of the appellant. The trial judge exercised his discretion, based on the evidence and the law as reflected by very well-written findings of fact and conclusions of law, and denied the temporary injunction sought. On the basis of this record we cannot say that the denial of the injunction was an abuse of the trial judge's discretion. To the contrary, we think his decision was correct.

*Judgment affirmed. All the Justices concur.*
ARGUED JUNE 13, 1972—DECIDED NOVEMBER 9, 1972.

*Poole, Pearce, Cooper & Smith, Robert R. Smith, Edwin Pearce,* for appellant.

*Powell, Goldstein, Frazer & Murphy, John T. Marshall, Smith, Cohen, Ringel, Kohler, Martin & Lowe, Sidney J. Nurkin, Robert W. Spears,* for appellees.