### 32562. BOURNS, INC. v. EVANS et al.

JORDAN, Justice.

This appeal is from the denial of an interlocutory injunction.

The appellant brought a complaint against the appellee, its former employee, and a corporation of which the appellee is president. The corporation formed by the appellee engages in the business of promoting a data processing system for law enforcement use. It was alleged that the appellee breached his employment agreement with the appellant while still employed by the appellant by forming the corporation, soliciting business for his own account in direct competition with the appellant, misrepresenting the status of the appellant's system, and misappropriating confidential information and trade secrets from the appellant; and that he further breached his agreement after the termination of his employment by retaining materials, records, and documents.

Injunction was prayed to restrain the appellee from continuing work on the Irving, Texas installation of his corporation; continuing any and all activities initiated or carried out in violation of the appellee's employment agreement; selling a system in violation of the appellant's trade secrets; and representing a false connection between the appellee and the appellant. Judgment was demanded for $85,550 as damages for injuries sustained

as a result of the appellee's alleged actions.

At the hearing on the interlocutory injunction the appellant offered only the appellee's testimony on cross examination and documentary evidence. The trial judge found that the appellant had failed to establish that appellee is presently violating the terms of his employment agreement, had failed to prove how and in what manner the appellee's activity will cause the appellant irreparable harm and injury unless injunctive relief is granted, and had failed to show that it does not have an adequate remedy at law.

The appellant has an adequate remedy at law by damages for any injuries it has already suffered because of the appellee's violation of his employment agreement. The trial judge's findings of fact as to the appellee's present activity were authorized by the evidence. The judge did not abuse his discretion in denying injunctive relief. Compare *Glasrock Products, Inc. v. Thermo Materials Corp.*, 229 Ga. 675 (194 SE2d 102) (1972).

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 13, 1977 — DECIDED OCTOBER 26, 1977 — REHEARING DENIED NOVEMBER 9, 1977.

*Haas, Holland, Levison & Gibert, Richard N. Hubert,* for appellant.

*Dillard & Shearer, G. Douglas Dillard, Patrick F. Henry, Jr.,* for appellees.